UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT R. REAN,<br>    #70571-65 | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | 2:10-cv-01094-RLH-RJJ |
| vs. | ) <br> ) | **ORDER** |
| CITY OF LAS VEGAS, *et al.*, | ) <br> ) | |
| Defendants. | ) <br> / | |

On November 29, 2010, the court dismissed certain claims in this *pro se* civil rights action and allowed others to proceed (docket #13). Before the court is plaintiff's motion for district judge to reconsider order (docket #13) as well as plaintiff's motion for appointment of counsel (docket #15).

**I. Plaintiff's Motion for Appointment of Counsel**

Plaintiff has filed a motion seeking the appointment of counsel in this case (docket #15). A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under

only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in *pro se* in light of the complexity of the legal issues involved.  Neither factor is dispositive, and both must be viewed together in making a finding.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(citing *Wilborn, supra*, 789 F.2d at 1331).  The district court has considerable discretion in making these findings. Plaintiff has articulated his claims well to date, and the legal issues do not appear to be complex.  The court will not enter an order directing the appointment of counsel.  Plaintiff's motion for the appointment of counsel is denied.

**II. Motion for District Judge to Reconsider Order**

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b).  *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court.  *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987).  In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986),

*aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).  Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment."  Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the order of November 29, 2010, the court dismissed certain counts, including count I, of plaintiff's amended complaint for failure to state a claim, and dismissed certain defendants–including Chief Dixon, because plaintiff set forth no allegations that Chief Dixon personally participated in any civil rights violation, and a district attorney, because plaintiff set forth no allegations against that defendant (docket #13).  Plaintiff has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order dismissing certain counts and defendants should be reversed.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's motion for district judge to reconsider order (docket #16) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (docket #15) is **DENIED**.

DATED this ___4th___ day of _____January_____, 2011.

_____
ROGER L. HUNT
Chief United States District Judge

3