UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT RAYMOND REAN, | Case No.: 2:10-cv-01094-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#27; |
| CITY OF LAS VEGAS, *et al.*, | Motion to Dismiss–#28; Motion to Dismiss–#32; |
| Defendants. | Motion to Amend Complaint–#38 Motion for Leave to File Second Amended Complaint–#47; Motion in Limine–#53) |

      Before the Court is Defendants Robert Foster, Bradley Arb, and Steven Albright's **Motion to Dismiss** (#27, filed date Jan. 5, 2011) for failure to state a claim.  The Court has also considered Plaintiff Robert Raymond Rean's Opposition (#36, filed Jan. 24, 2011), and Foster, Arb, and Albright's Reply (#42, filed Feb. 3, 2011).

      Also before the Court is Defendants Rocco LePore and Shawn Judd's **Motion to Dismiss** (#28, filed Jan. 6, 2011) for failure to state a claim.  The Court has also considered Rean's Opposition (#36, filed Jan. 24, 2011), and LePore and Judd's Reply (#43, filed Feb. 3, 2011).

      Also before the Court is Defendant Clark County Detention Center's ("CCDC") **Motion to Dismiss** (#32, filed Jan. 6, 2011) for failure to state a claim.  The Court has also

/

AO 72
(Rev. 8/82)

considered Rean's Opposition (#36, filed Jan. 24, 2011), and CCDC's Reply (#41, filed Feb. 3, 2011).

Also before the Court is Rean's **Motion to Amend Complaint** (#38, filed Jan. 24, 2011.  No defendant responded to this motion.

Also before the Court is Rean's **Motion for Leave to File Second Amended Complaint** (#47, Apr. 6, 2011).  The Court has also considered Defendants' Oppostion (#49, filed Apr. 25, 2011), and Rean's Reply (#50, filed May 6, 2011).

Also before the Court is Rean's **Motion in Limine** (#53, filed June 2, 2011).  The Court has also considered LePore's Opposition (#53, filed June 20, 2011)

## BACKGROUND

This dispute arises out of Rean's incarceration at the CCDC.  Rean alleges that when he was first booked at the CCDC, Defendant Arb informed him that he would be housed in general population.  However, after a Jane Doe officer attempted to photograph Rean's tattoos and Rean declined, he was placed in the maximum security section of the CCDC.  Rean subsequently made requests and filed grievances to correct what he felt was unfair treatment or an unfair designation.  Defendant Foster then informed him that until he allowed photographs of his tattoos, he would be kept in the maximum security unit.  Rean continued to refuse the officers attempts to photograph his tattoos.

Eventually, at a hearing in his state court criminal matter, Rean apparently consented to have his tattoos photographed.  Rean withdrew this consent, however, when he felt the conditions he placed on the consent were not immediately granted, specifically, immediate transfer back to federal prison prior to serving his state court sentence at the CCDC.  Sometime later, Defendants LePore and Judd forcefully extracted Rean from his cell with a team of other, masked officers (apparently the Sheriff's Emergency Response Team or SERT).  The SERT team entered the cell, placed Rean in hand and leg cuffs, removed him from the cell, strapped him into a chair, and wheeled him to the booking and photographing area of the CCDC.  In front of various people of both sexes, Rean's pants were ripped off resulting in his boxer shorts being torn which exposed his penis and testicles.  The rest of his clothing was cut off of him in an allegedly menacing manner.  Unidentified officers twisted, turned, and bent Rean

into position for tattoo photographing, during which time Rean was continuously screaming. Rean also alleges that one of the officers recorded this event with a video camera.

Further, Rean alleges that the law library at the CCDC uses an "exact-cite/book-paging" system that requires inmates to make specific requests for materials without the benefit of titles or descriptions of the available resources. Because of this system, Rean was impeded from and unable to complete legal research for various state and federal claims he possessed.

Rean filed his complaint on July 1, 2010, and filed an Amended Complaint on November 19. In his Amended Complaint, Rean asserted four claims under 28 U.S.C. § 1983. Specifically, Rean asserted the following claims: (1) violation of due process under the Fifth and Fourteenth Amendments; (2) inadequate access to the law library, right of access to the courts; (3) deprivation of personal property without due process under the Fifth and Fourteenth Amendments; and (4) use of excessive force in violating his right to a reasonable expectation of privacy. In its Screening Order (Dkt. #13), the Court dismissed Rean's first and third claims in their entirety. As to Rean's fourth claim, the Court held that Rean stated a claim, alleging the search was unreasonable and used excessive force. The Court also dismissed various Defendants, specifically: Clark County, Sheriff Gillespie, Chief Dixon, Clark County Deputy District Attorney Sweetin, and David Barker, the judge in Rean's state court criminal matter.

Now before the Court are three different motions to dismiss filed by various groups of the remaining Defendants. Rean filed a joint response to these motions in which he claimed he had insufficient time to adequately respond and requested an extension. However, before the Court considered Rean's request, Rean filed two separate motions for leave to amend, one with and one without a proposed second amended complaint purporting to rectify the deficiencies addressed in the motions to dismiss. As such, the Court granted Rean's request in a minute order (Dkt. #62), but also informed Rean that the Court would consider his motion for leave to amend as a supplement to his response if he chose not to otherwise supplement. Rean did not file an additional supplement within the time period set forth by the Court and so the Court considers the motion to amend as supplementary to

Rean's responses to the three motions to dismiss. For the reasons discussed below, the Court grants each motion to dismiss and denies Rean's motions for leave to amend and motion in limine.

## DISCUSSION

### I. Motions to Dismiss

#### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not

AO 72
(Rev. 8/82)

crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

First cause of action was dismissed as to all parties in the screening order. Even though the Court has already dismissed this claim as to all Defendants, Rean retained the claim in his proposed second amended complaint. (Dkt #47.) Additionally, Rean did not amend this claim with new facts or other matters sufficient for it to now overcome a motion to dismiss, thus making amendment futile.

### B. Analysis

#### 1. Foster, Arb, and Albright's Motion to Dismiss

Foster, Arb, and Albright first argue that Rean's access to the courts claim should be dismissed as regards to them. The Court concurs. As the Court stated in its screening order, "Count II states a claim for violation of plaintiff's right of access to the courts against defendant Olson." (Dkt. #13, 7:6–7.) Accordingly, to the extent the Court did not make it clear in the earlier order, the Court dismisses all other Defendants from this claim and the claim will proceed solely against Defendant Olson.

Further, Foster, Arb, and Albright contend that they are not implicated in Rean's remaining claim. This is true. Rean does not name or refer to Foster, Arb, or Albright in his claim for unreasonable search and seizure and use of excessive force, nor does he dispute this in his response. Rean's only allegation against any of these officers is that Albright was one of the members of the Conduct Board that found Rean 'guilty' of disobeying a direct order from CCDC staff. This allegation is insufficient as an allegation of unreasonable search and seizure or use of excessive force. Therefore, it appears that Rean did not even intend to plead this claim against

/

these Defendants. If he did, however, they are dismissed. Accordingly, the Court dismisses Foster, Arb, and Albright from this case as no claims remain against them.

#### 2. LePore and Judd's Motion to Dismiss

Defendants LePore and Judd move the Court to dismiss the remaining claims for unreasonable search and seizure and excessive force against them in their official capacities. A suit

against government officers in their official capacities is "equivalent to a suit against the governmental entity itself." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Accordingly, to sustain a claim against these Las Vegas Metropolitan Police Department ("LVMPD") officers in their official capacity, Rean's allegations must be sufficient to sustain a claim against LVMPD under the *Monell* doctrine. *See id.* This requires that Rean plead an LVMPD policy amounting to deliberate indifference of Plaintiff's constitutional rights and that this policy created the violation of his constitutional rights. *Van Ort. v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). Here, Rean has only made conclusory allegations as to a policy or practice, unsupported by facts. Accordingly, Rean has not sufficiently plead *Monell* liability and the Court dismisses the claims against LePore and Judd in their official capacities. Of course, the claims against LePore and Judd in their individual capacities remain.

### 3. CCDC's Motion to Dismiss

The CCDC argues that it should be dismissed for two principal reasons: (1) it is merely a building, not an entity capable of being sued or bringing suit, and (2) even assuming it could be sued, Rean does not sufficiently allege *Monell* or municipal liability. The CCDC is correct on both counts. The CCDC is merely the name of a building, not a government entity such as the LVMPD or a Clark County. The CCDC is run by the LVMPD and any suit should be addressed against the LVMPD. However, CCDC is also correct that Rean fails to plead *Monell* liability as just discussed in reference to Judd and LePore. Accordingly, the Court dismisses CCDC from this case.

/

## II. Motion for Leave to Amend

### A. Legal Standard

A party must seek leave to amend his complaint or receive written consent from the opposing party if he seeks to amend more than 21 days after filing the complaint or 21 days after the opposing party files a responsive pleading or Rule 12(b) motion. Fed. R. Civ. P. 15(a). The court has discretion to grant leave and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). Nonetheless, courts may

AO 72
(Rev. 8/82)

deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Further, when seeking leave to amend a pleading, Rule 15-1 of the Local Rules of Practice requires the moving party to "attach the proposed amended pleading to any motion to amend so that it will be complete in itself without reference to the superseding pleading."

### B. Analysis

Rean filed two motions to amend his complaint. The first motion to amend (Dkt. #38) sought permission to file an amended complaint as part of Rean's response to the various motions to dismiss addressed above. Rean did not include a proposed amended complaint to this request as he did to his second motion for leave to amend (Dkt. #47). Accordingly, the Court denies Rean's first motion for leave to amend for failure to attach a proposed amendment but will consider the second motion and its attached amendment.

Rean's latest attempt to correct his complaint through amendment is futile. In essence, Rean's proposed second amended complaint ("Proposed SAC") is the same as his first amended complaint ("FAC") with very limited changes. As regards his fourth claim, Rean renumbered it by leaving out his prior third claim (which the Court had dismissed) and substituted LVMPD for the CCDC. This would be sufficient if Rean sufficiently plead *Monell* liability and had merely dismissed the CCDC because it is a building. However, the Court addressed this issue above and held that Rean also fails to state a *Monell* claim. Accordingly, merely substituting the LVMPD for the CCDC is futile. Rean would have to include new factual allegations that would amount to pleading a policy or practice in his Proposed SAC for it not to be futile. This, he has failed to do.

Further, as to Rean's second cause of action, the Court previously dismissed the claim as to all Defendants except T. Olson. Rean, however, has apparently attempted to include sufficient matter in his Proposed SAC to expand this claim to re-include Douglas Gillespie and Defendant Dixon. However, both of these potential defendants were included in Rean's second claim in Rean's FAC and

AO 72
(Rev. 8/82)

Rean has failed to present sufficient new material in his Proposed SAC to change the outcome. Therefore, amendment of this claim would also be futile. The Court will, however, consider a future request for leave to amend if Rean discovers sufficient information through discovery to plead a *Monell* claim.

Finally, Rean has made no substantive changes to his first claim for due process violations on the Fourteenth and Fifth Amendments. Rean's purported factual clarifications do not change the legal analysis set forth in the Court's screening order (Dkt. #13) as they are immaterial to the actual issues and still fail to state a claim. Therefore, as the Court already dismissed this claim, amendment is futile because there hasn't been any substantive amendment. Accordingly, the Court denies the motion and this case will proceed on the FAC.

As the case will proceed on the FAC, the Court takes this opportunity to detail the claims that remain. The first and third claims in the FAC were dismissed in their entirety by a previous order and remain dismissed now. The second claim has been dismissed as against all parties except T. Olson. Finally, the fourth claim is dismissed against all parties except LePore, Judd, and the Doe SERT Team members in their individual capacities.

/

/

### III.     Motion in Limine

Rean brings a motion in limine based on evidence disclosed in discovery, specifically, the photographs of his tattoos. Rean argues that these photographs are not material to the issues before the Court and would be unfairly prejudicial at trial. While the Court may agree with Rean's assessment, at this stage of the proceedings, this motion is premature. Just because a document is disclosed in discovery does not mean that the disclosing party is attempting to enter that document into evidence as Rean seems to believe. The Court will consider any motions in limine closer to trial. Accordingly, the Court denies this motion without prejudice to Rean's refiling the motion nearer to trial.

**CONCLUSION**

8

AO 72
(Rev. 8/82)

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants Albright, Arb, and Foster's Motion to Dismiss (#27) is GRANTED.

IT IS FURTHER ORDERED that Defendants Judd and LePore's Motion to Dismiss (#28) is GRANTED.

IT IS FURTHER ORDERED that Defendant CCDC's Motion to Dismiss (#32) is GRANTED.

IT IS FURTHER ORDERED that Rean's Motion for Leave to Amend (#38) is DENIED.

IT IS FURTHER ORDERED that Rean's Motion for Leave to Amend (#47) is DENIED.

IT IS FURTHER ORDERED that Rean's Motion in Limine (#53) is DENIED.

Dated: July 20, 2011

_____
**ROGER L. HUNT
United States District Judge**